Hearing Date: November 19, 2019
Time:            3:00PM

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

Case No. 19-46083-CEC
MELISSA L. BOLGHEN,
Chapter 7

                 Debtor.
-------------------------------------------------------X

## NOTICE OF MOTION FOR AN ORDER TERMINATING THE AUTOMATIC STAY UNDER BANKRUPTCY CODE §§362(d)(1) AND (d)(2)

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Alan Smikun, Esq., of The Margolin & Weinreb Law Group, LLP, a hearing will be held before the Honorable Carla E. Craig, United States Chief Bankruptcy Judge, to consider the motion of MTGLQ Investors, L.P. (the "Owner" and/or "Movant"), for an Order (i) under Bankruptcy Code §§362(d)(1) and (d)(2) terminating the automatic stay with regard to the Debtor's possession of the premises located at 78-13 79th St., Ridgewood, NY 11385 a/k/a 78-13 79th St., Glendale, NY 11385. A copy of a proposed order is attached to the Affirmation in Support of the Motion as **Exhibit A**.

| | |
|---|---|
| Date and time of Hearing: | **NOVEMBER 19, 2019 AT 3:00PM** (the "Hearing Date") |
| Location: | U.S. Bankruptcy Court, EDNY<br>Conrad B. Duberstein Courthouse<br>271-C Cadman Plaza East - Suite 1595<br>Brooklyn, NY 11201-1800 |

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested shall be in writing, shall state with particularity the grounds for the objection, shall be filed with the Clerk of the Bankruptcy Court and served upon the undersigned counsel for the Owner seven days prior to the Hearing Date.

Dated: Syosset, New York
       October 21, 2019

THE MARGOLIN & WEINREB LAW GROUP, LLP

By:   */s/ Alan Smikun*
Alan Smikun, Esq.
Attorneys for Movant
165 Eileen Way, Suite 101
Syosset, New York 11791
(516) 921-3838 ext. 321
alansm@nyfclaw.com

To:   **Debtor**
Melissa L. Bolghen
7813 79th Street
Glendale, NY 11385
And
7813 79th Street
Ridgewood, NY 11385

*Attorney for Debtor*
Anadel Canale, Esq.
1805 Fifth Avenue – Suite 8
Bayshore, NY 11706-1761

*Trustee*
David J. Doyaga, Esq.
26 Court Street – Suite 1601
Brooklyn, NY 11242

*U.S. Trustee*
United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street – Suite 1006
New York, NY 10014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

MELISSA L. BOLGHEN,

Case No. 19-46083-CEC
Chapter 7

                        Debtor.
------------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF MOTION FOR AN ORDER TERMINATING
THE AUTOMATIC STAY UNDER BANKRUPTCY CODE §§362(d)(1) and (d)(2)**

TO:    THE HONORABLE CARLA E. CRAIG
        UNITED STATES CHIEF BANKRUPTCY JUDGE

      I, Alan Smikun, Esq., an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

      1.     I am associated with The Margolin & Weinreb Law Group, LLP, attorneys for MTGLQ Investors, L.P., (the "Owner") and as such I am fully familiar with the circumstances of this case.

      2.     I make this affirmation in support of the Owner's motion for an Order: (i) terminating the automatic stay pursuant to Bankruptcy Code §§362(d)(1) and (d)(2) permitting the Owner to exercise all of its rights and remedies as the owner of the real property located at 78-13 79th St., Ridgewood, NY 11385 a/k/a 78-13 79th St., Glendale, NY 11385 (the "Premises") which is occupied by Melissa L. Bolghen (the "Debtor"); and granting such other and further relief as this Court deems just and proper. A copy of the proposed Order is attached as **Exhibit A**.

## BACKGROUND

      3.     The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 7, 2019 (the "Filing Date") while being represented by Anadel Canale, Esq. David J. Doyaga, Esq., was appointed Chapter 7 Trustee.

4.      Prior to the Filing Date, a Referee's Deed dated July 7, 2017 was executed in connection with a Judgment of Foreclosure and Sale entered on April 18, 2017 in an action to foreclose a mortgage entitled *Federal National Mortgage Association, as Plaintiff and Barbara Whitney, Melissa Bolghen, Susan Bolghen, Jennifer Bolghen and Ralph Bolghen, et al, as defendants,* foreclosing a Mortgage recorded on September 20, 2007. A copy of the Referee's Deed is attached as **Exhibit B**.

5.      A Judgment of Possession was issued in the Queens County Civil Court on March 21, 2019 against the Debtor and other Respondants.  Thereafter, a Warrant of Eviction was issued to the Sheriff of the City of New York on May 6, 2019 by the Honorable Lydia C. Lai, Housing Court Judge directing that Movant be put into possession of the Premises and to evict all occupants - including the Debtor. Copies of the Judgment of Possession and Warrant of Eviction are attached as **Exhibit B**.

6.      As a result of the Debtor's bankruptcy filing, the Owner is stayed from obtaining rightful possession of its property.

BASIS FOR RELIEF

Cause Exists to Terminate the Stay

7.      Bankruptcy Code §362(d)(1) provides that the Court shall grant relief from the stay imposed by §362(a) "for cause, including lack of adequate protection of an interest in property…"

8.      Cause exists to terminate the automatic stay because the Debtor has only a possessory, non-ownership interest in the Premises. Moreover, there is no Landlord-Tenant relationship between the Debtor and the Owner.  Indeed, there exists no lease agreement (or any other document) establishing that the Debtor has anything other than a possessory interest in the Premises.

9. The Owner seeks an order terminating the automatic stay imposed by Bankruptcy Code §362(a) so it may continue summary proceedings to obtain possession of the Premises.

### The Premises is Not Property of the Estate

10. Bankruptcy Code §541(a) provides that "property of the estate" encompasses the legal and equitable interests of the debtors and does not include property in which the debtors have no interest.[1]

### Grounds Exists to Terminate the Stay under Bankruptcy Code §362(d)(1)

11. Here, the Debtor does not own the Premises and it is therefore not property of her bankruptcy estate. Thus, "cause" exists to terminate the automatic stay allowing the Owner to proceed to acquire possession of its property.

12. A mere possessory interest in real property, without any accompanying legal interest, is sufficient to trigger protection of the automatic stay.[2]

13. The Debtor's possession of the Premises, after the foreclosure sale that took place in 2017 will cause the Movant to suffer additional losses as well as delays in securing possession of the Premises.

14. The Debtor is not a lawful tenant but simply a holdover squatter in a property that has been foreclosed, which is not property of the Debtor or the Debtor's estate. The preceding detriment is "cause" to terminate the automatic stay under Bankruptcy Code §362(d)(1).

---

[1] *Roosevelt Sav. Bank v. Goldberg,* 45 N.Y.S.2d 988, 118 Misc.2d 220 (Sup. Ct. 1983).

[2] In re *48th Street Steakhouse, Inc.,* 61 B.R. 182 (Bankr. S.D.N.Y. 1986), aff'd, 77 B.R. 409 (S.D.N.Y.), aff'd, 835 F.2d 427 (2d Cir. 1987), *cert. denied, Rockefeller Group, Inc. v. 48th Street Steakhouse, Inc.* (1988).

### Grounds Exists to Terminate the Stay under Bankruptcy Code §362(d)(2)

15. In addition to the grounds set forth above under subsection (d)(1) of 11 U.S.C. §362, it is submitted that Bankruptcy Code §362(d)(2) also provides grounds to vacate the automatic stay in this case as well.

16. Chief Judge Craig had occasion to visit this issue on a movant's motion for relief from the automatic stay in a case with similar facts as this case. In the case of *In re Ward*, 423 BR 22 (Bankr. EDNY 2010), the purchaser, 768 Dean Inc. moved for relief from the automatic stay to evict the debtor and to obtain possession of the debtor's residence which had been foreclosed prior to the debtor's chapter 13 filing.

17. In granting the movant's motion for relief from the automatic say, Chief Judge Craig stated that Bankruptcy Code §362(d)(2) requires that the automatic stay be terminated because the "[d]ebtor lacks any interest in the property, and the property is not available for his to use in connection with her chapter 13 case because all of his rights as an Movant with respect to the property were cut off by the foreclosure sale and subsequent transfer of the Referee's Deed prior to the commencement of this bankruptcy case." The Court went further and added that "[a] possessory interest alone is so tenuous as to represent merely a scintilla of an interest insufficient to warrant the continued protection of the automatic stay." *Id.* at 32 quoting *In re Liggett*, 118 BR 213, 218 (Bankr. SDNY 1990).

18. It is respectfully submitted that the Debtor had only a possessory, non-ownership interest in the Premises as of the Filing Date because the foreclosure sale was validly conducted prior to the Filing Date. There was no Landlord-Tenant relationship between the Debtor and the Owner. Indeed, there exists no lease agreement (or any other document) establishing that the Debtor had anything other than a possessory interest in the Premises.

**WHEREFORE**, MTGLQ Investors, L.P., respectfully requests that this Court enter an Order (i) terminating the automatic stay to enable it enforce all of its remedies as Movant of the Premises; and (ii) for such other and further relief as is just and proper.

Dated: Syosset, New York
       October 21, 2019                          **THE MARGOLIN & WEINREB LAW GROUP, LLP**

                                           By:    */s/ Alan Smikun*
                                                      Alan Smikun, Esq.
                                                      Attorneys for Movant
                                                      165 Eileen Way, Suite 101
                                                      Syosset, New York 11791
                                                      (516) 921-3838 ext. 321
                                                      alansm@nyfclaw.com