UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

IN RE: MELISSA L BOLGEHN

Chapter 7

Case# 19-46083

DEBTOR,

-------------------------------------------------------------X

## AFFIRMATION IN OPPOSITION TO MOTION TO LIFT STAY

Anadel Canale, attorney duly admitted to practice law in the Sate of New York affirms the following:

1. I am the attorney for Debtor in the above entitled action.

2. I submit this affirmation in opposition to a motion for an Order (i) under Bankruptcy Code §§362(d)(l) and (d)(2) terminating the automatic stay with regard to the Debtor's possession of the premises located at 78-13 79th St., Ridgewood, NY 11385 a/k/a 78-13 79th St Glendale, NY 11385.

3. The Debtor was one of the original owners of 78-13 79th St Glendale, NY 11385. (See Deed Exhibit "A").

4. There was a Judgment of Foreclosure and Sale entered on April 18, 2017 in a foreclosure action filed in Queens Supreme Court. (See Exhibit "B").

5. The Debtor retained the attorney of Petroff Amshen LLP for foreclosure defense and loss mitigation services from the years 2017 to 2019. The Debtor expended almost $20,000 for these legal services.

6. The Debtor was informed by said counsel that the sale date which was scheduled on July 7, 2017 was cancelled by the lender. (See Email Attached hereto as Exhibit "C").

7. The Debtor was also informed that the firm was proceeding with foreclosure defense and loss mitigation. (Debtor Affidavit Exhibit "D").

8. The Debtor believed the foreclosure sale was cancelled.

9. The Debtor learned that the property was in fact sold when he received the within referee Deed (See Exhibit "E").

10. The Debtor was informed by her prior counsel that the Debtor's prior lender erred in selling the home.

11. The within facts raises issues as to whether the creditor MTGLQ Investors, L.P. is the rightful owner of said property and has standing to bring the within motion to lift the stay.

12. "Standing is a threshold issue for a court to resolve." In re Idicula, 484 B.R. 284, 288 (Bankr. S.D.N.Y. 2013) (citation omitted). "A lift stay motion cannot be brought by a stranger to the case." In re Sterling, 2018 WL 313085 at *3 (Bankr. S.D.N.Y. Jan. 5, 2018) (quoting In re Escobar, 457 B.R. 229, 236 (Bankr. S.D.N.Y. 2011)). It is well settled that under section 363(d), a request to lift the automatic stay must be made by a "party in interest." In re Lippold, 457 B.R. 293, 296 (Bankr. S.D.N.Y. 2011). While the term "party in interest" is not defined in the Bankruptcy Code, the Second Circuit has stated that "in order to invoke the court's jurisdiction to obtain relief from the automatic stay, the moving party [must] be either a creditor or a debtor." 6 In re Mims, 438 B.R. 52, 55 (Bankr. S.D.N.Y. 2010) (citing In re Comcoach, 698 F.2d 571, 573 (2d Cir. 1983)). Section 101(10) of the Bankruptcy Code defines a "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(1)(A). A "claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured . . . ." 11 U.S.C. § 101(5)(A). Courts in this jurisdiction have made clear that a party can demonstrate a "right to payment" by

showing that it holds the ability to seek the state law remedy of foreclosing on a property. See Mims, 438 B.R. at 56 (citing Johnson v. Home State Bank, 501 U.S. 78, 84 (1991) (finding that a mortgage foreclosure was a "right to payment" against the debtor)); see also Escobar, 457 B.R. at 239 (explaining that "the evidence necessary to establish standing to seek stay relief or commence or continue a foreclosure action should include a demonstration that the movant has the right under applicable law to enforce the mortgage . . ."). "Under New York law, a plaintiff has standing to commence a mortgage foreclosure action 'where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced.'" Lippold, 457 B.R. at 296–97 (quoting Bank of N.Y. v. Silverberg, 926 N.Y.S.2d 532, 536 (2d Dep't 2011)). "While the transfer of the mortgage without the promissory note is a nullity, once a promissory note is transferred from assignor to assignee, 'the mortgage passes as an incident to the note.'" Id. at 297 (quoting Silverberg, 926 N.Y.S.2d at 537); see also Escobar, 457 B.R. at 240 (stating that "New York law has long recognized that the rights under a mortgage lien are beneficially transferred to the assignee of a promissory note, without the execution of a written assignment of the mortgage, and even without a written assignment of the mortgage").

13. In order to determine the creditor, MTGLQ Investors, L.P, standing in this case there are several issues of fact that must be resolved:

   a) Did the prior lender err in allowing the sale to move forward?

   b) Did the prior lenders inadvertently tell the foreclosure counsel to suspend sale, but counsel failed to inform the referee?

   c) Did the prior lender's foreclosure attorney err by selling the property when they were directed not to?

   d) Did the referee err in selling the property against prior lender's instructions?

e) Was this simply legal malpractice?

13. The Debtor had several options available to her to payoff arrears the fact that a co-owner of the Debtor's property Barbara Whitney owned a property mortgage free and could have refinance one property to pay off the arrears for the property in question.

14. Clearly the standing of the Creditor, MTGLQ Investors, L.P, must be decided prior to allowing them the power to lift the Stay and take possession of Debtor's property and forcing Debtor and his ill wife to vacate their home. (See Exhibit "F")

15. The Creditors interest in this matter is clearly financial and the Debtors interested is deeply vested in the home he has resided in for over 22 years.

16. Debtor's counsel has contacted MTGLQ Investors LP counsel on numerous occasions for resolution to this matter and they remain unresponsive.

17. At the very least the Debtor is requesting that the stay remain in place until January 31, 2020 when an apartment that Debtor has been inquiring about to rent will be available.

18. It would cause the Debtor undue hardship if her sick mother and pets had to move prior to then, they would have nowhere to go.

19. I believe that the facts and circumstances in this action warrant at the very least allow the current owner/creditor to contact the undersigned for a resolution to this matter.

**WHEREFORE,** the undersign request that the court deny the motion to lift Stay, and/or ext4end the stay until January 31, 2020 or adjourn said matter until issues surrounding sale of the property can be answered, together with such other and further relief as this court may deem such and proper.

Dated: November 13, 2019

Anadel Canale Esq.
Attorney for the Debtor
1805 Fifth Ave Suite 8
Bayshore, NY 11706
631-414-7040